# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6710 | **DATE** | September 4, 2012 |
| **CASE TITLE** | Lavell Robinson (#2012-0502050) vs. Cook County Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $6.80 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#4] is granted. Neal Charles Zazove, Neal C. Zazove & Associates, PC, 19 South LaSalle Street, Suite 1200, Chicago, Illinois 60603, (312) 641-5444 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]                                   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers at the jail, violated the plaintiff's constitutional rights by using unjustified force against him. More specifically, the plaintiff alleges that an officer attacked him for no reason, and that fellow officers joined in on the unprovoked assault.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $6.80. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each **(CONTINUED)**

mjm

time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint articulates a colorable federal cause of action with respect to the officers' alleged use of force. Unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 667-68 (7th Cir. 2012).

However, the Cook County Department of Corrections is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *see also Fanning v. Cook County*, No. 05 C 2020, 2006 WL 385065, *3 (N.D. Ill. Feb. 15, 2006) (St. Eve, J.).

Nor has the plaintiff alleged facts suggesting Sheriff Tom Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

In addition, the plaintiff's allegations of a "cover-up" do not appear to implicate any constitutional right. Any failure to properly investigate the plaintiff's allegations or to impose discipline on the alleged wrongdoers did not amount to a constitutional violation since the omission was not the cause of the plaintiff's injuries. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1444 (7th Cir. 1990); accord, *Barbosa v. McCann*, No. 08 C 5012, 2009 WL 2913488, *6 (N.D. Ill. Sep. 8, 2009) (Pallmeyer, J.).

Due to the serious nature of the plaintiff's allegations, his motion for appointment of counsel is granted. The court hereby appoints Neal Charles Zazove, Neal C. Zazove & Associates, PC, 19 South LaSalle Street, Suite 1200, Chicago, Illinois 60603, (312) 641-5444 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.